## MOUNT CARMEL TOWNSHIP APPEALS.

PHILADELPHIA AND READING COAL AND IRON COMPANY, Appellant.

### No. 123, January Term, 1935.

LOCUST GAP IMPROVEMENT COMPANY, Appellant.

### No. 124, January Term, 1935.

The Philadelphia and Reading Coal and Iron Company operates over five thousand acres of coal land in Mount Carmel Township, Northumberland County. A portion of these lands it owns in fee while the remainder is held under lease from the Locust Gap Improvement Company.[9] A small part of this acreage, lying in the

---

[9] The record is not exactly clear as to which tracts are owned by the Philadelphia and Reading Coal and Iron Company, or are owned by the Locust Gap Improvement Company. In making our

valley below the Borough of Mount Carmel, is "coal reserve" of which the company owns only the mineral rights. From the assessment placed on all this property, and revised by the court below, the owners have appealed.

It is in this territory that the Philadelphia and Reading Coal and Iron Company in recent years has concentrated its operations in Northuberland County. The veins of coal are thicker, and contain coal of more marketable quality than elsewhere in the county. A new central breaker has been erected with a large capacity, and two older and smaller breakers have been abandoned. It was for these reasons, no doubt, that the court below placed valuations on these properties well in excess of the highest prices, according to the testimony, paid for coal lands in Northumberland or Schuylkill Counties at any time. In our opinion, however, the court below went too far in this direction, and failed to give sufficient weight to the factor of loss of market demand for anthracite coal. While the coal land in this territory is undoubtedly more valuable than that in Coal and Zerbe Townships, we believe that the valuations fixed by the court below are excessive, and we have reduced them in order better to reflect the loss in value which they have suffered.

The modifications which we have made reduce the assessments in these appeals from $7,770,750 to $7,233,525.

The decrees in No. 123, January Term, 1935, and No. 124, January Term, 1935, are modified, and the record remitted to the court below that an order may be made carrying into effect the modifications set forth in the appendix attached hereto. Costs to be paid by appellees.

---

modifications, we have given separate figures for each tract, and the assessment to the proper owners can be adjusted by the court below in the order to be made in accordance with this opinion.